UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. |
| VERSUS | 13-129-SDD-SCR |
| JOSHUA D. COLLINS | |

## RULING

This matter is before the Court on the Defendant's *Letter/Motion for Jail Time Credit*.[1] The Government has filed an *Opposition* to this motion.[2] The Defendant entered a guilty plea to possession of a firearm by a convicted felon on November 26, 2013. The Defendant was sentenced to thirty-seven (37) months imprisonment on April 30, 2014. The *Letter/Motion* requests that Defendant "receive credit for all jail-time served on the same charge [he] was indicted for Federal as state."[3]

The Court must deny the Defendant's requested relief for the following reasons. First, the Government correctly contends that the relief sought by the Defendant can only be awarded through a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2241.[4]

---

[1] Rec. Doc. No. 41.

[2] Rec. Doc. No. 43.

[3] Rec. Doc No. 41.

[4] *See Orozco v. United States*, No. SA-14-CA823-XR, 2014 WL 4678305 (W.D. Tex., Sep. 18, 2014), quoting *Setser v. United States*, — U.S. —, 132 S.Ct. 1463, 1473 (2012)(holding federal prisoner seeking credit against his federal sentence for time served in state custody could seek relief under Section 2241 after first exhausting available remedies through Bureau of Prisons); *United States v. Gabor*, 905 F.2d 76, 77–78 (5th Cir.1990) (holding claims for time served are not cognizable in a 28 U.S.C. Section 2255 proceeding but rather must be addressed as habeas corpus petitions under 28 U.S.C. Section 2241).

Additionally, even if the Court construed Defendant's motion as pursuant to Section 2241, the Defendant would first have to show that he exhausted his administrative remedies through the Bureau of Prisons.[5] Nothing in the Defendant's *Letter/Motion* provides any facts to support such a showing.

Finally, this Court does not exercise supervisory authority over the Bureau of Prisons. As noted by the District Court for the Western District of Texas in *Orozco v. United States*:

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence pursuant to 18 U.S.C. § 3621(a). *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992). Movant cites no authority granting this Court the power to supervise the BOP's administration of movant's sentence in the manner movant proposes and this Court has been unable to locate any such authority. A federal inmate who is dissatisfied with the manner in which his sentence is being administered by the BOP, may seek relief through the administrative procedures available within the BOP. If, after exhausting administrative remedies, the offender remains dissatisfied with the manner in which his sentence is being administered, the offender may file an action seeking federal habeas corpus relief under 28 U.S.C. Section 2241 in the location where the offender is "in custody." See *Moreland v. Federal Bureau of Prisons*, 431 F.3d 180, 183 (5th Cir.2005) (holding petitioner properly brought claim for credit for time served in a Section 2241 habeas corpus action filed in the location where petitioner was "in custody," against responsible Bureau of Prisons officials), *cert. denied*, 547 U.S. 1106, 126 S.Ct. 1906, 164 L.Ed.2d 583 (2006); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 585 (5th Cir.1988) (holding a claim for credit for time served may be brought only in a petition for habeas corpus relief under 28 U.S.C. Section 2241).[6]

The analysis in *Orozco* applies with equal force to the facts of this case. The

---

[5] *Setser v. United States*, — U.S. at —, 132 S.Ct. at 1473; *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992); *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (holding Section 2241 habeas action seeking credit for time served was not ripe until the Bureau of Prisons denied the defendant's request for credit for time served).

[6] *Orozco*, 2014 WL 4678305 at *2.

Defendant is currently incarcerated in Beaumont, Texas; thus, this Court lacks jurisdiction to entertain any such motion by him. Thus, the Defendant must pursue the relief requested through the Bureau of Prisons.

Therefore, Defendant's *Letter/Motion for Jail Time Credit*[7] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 6 day of ~~March,~~ April, 2015.

_Shelley Dick_
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[7] Rec. Doc. No. 41.